IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VOLVO FINANCIAL SERVICES,

        Plaintiff,

 vs.

TRANSGURU, INC., et al.,

        Defendants.

_____/

No. CIV S- 08-1041 MCE GGH

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff's motion for entry of default judgment against defendants Transguru, Inc. and Jaspreet Sangha, filed March 4, 2009, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.[1]

<u>BACKGROUND</u>

On May 13, 2008, plaintiff filed the underlying complaint in this action against defendants Transguru, Inc. and Sangha, alleging defendants breached four loan agreements and personal guarantees for the finance and purchase of four Volvos. The summons and complaint

---

[1] Plaintiff recently noticed the motion for hearing; however, the court finds that a hearing is not necessary.

1

were served by publication on both defendants, on October 3, 10, 17 and 24, 2009.[2]  Fed. R. Civ. P. 4(e), 4(h); Cal. Code Civ. Proc. § 415.50.  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have failed to file an answer or otherwise appear in this action.  On December 16, 2008, the clerk entered default against defendants Transguru, Inc. and Sangha.

Plaintiff seeks an entry of default judgment in the amount of $193,554.21.  This amount is supported by the exhibits attached to the motion for default judgment.

<u>DISCUSSION</u>

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested. See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

<u>CONCLUSION</u>

IT IS ORDERED that the hearing on plaintiff's motion for default judgment is vacated from the court's April 30, 2009 calendar.

In view of the foregoing findings, it is the RECOMMENDATION of this court that plaintiffs' motion for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $193,554.21.  A proposed judgment has been lodged by plaintiff and is approved as to form and substance.

\\\\\

---

[2] Service was ordered in this manner by the district court.  Order, filed September 5, 2008.

2

These findings and recommendations are submitted to the Honorable Morrison England, Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/13/09

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Volvo1041.def.wpd